## HENRY v. TACOMA RY. & POWER CO.

(Circuit Court of Appeals, Ninth Circuit. February 1, 1915. Rehearing Denied March 9, 1915.)

No. 2453.

WITNESSES ⊂⊃369—BIAS—INTEREST IN RESULT.

Where a street car conductor contracts with his employer to reimburse it for any damages that his negligence may cause it, in an action against such railroad for personal injuries caused by the negligence of such conductor, plaintiff is entitled to show that through the above agreement the conductor has a direct interest to falsify his testimony regarding his part in the accident; there being a conflict between his testimony and the plaintiff's.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1187, 1188; Dec. Dig. ⊂⊃369.]

In Error to the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

Action by M. G. Henry against the Tacoma Railway & Power Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Anthony M. Arntson, and T. W. Hammond, both of Tacoma, Wash., for plaintiff in error.

John A. Shackleford and F. D. Oakley, both of Tacoma, Wash., for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. This was an action to recover damages for personal injuries alleged to have been sustained by the plaintiff in error by reason of the negligence of the defendant in error in operating one of its cars in the city of Tacoma. The verdict of the jury and the judgment based thereon being against the plaintiff, he has brought the case here by writ of error.

The bill of exceptions shows that on the trial he was a witness on his own behalf, and in describing the accident testified, among other things, that the car came and stopped to let on a number of passengers who were waiting for it; that the entrance to the car was in the center; that he stepped aside to permit a couple of ladies to precede him, and that as the last one stepped on he grasped the handhold of the car with his left hand, put one foot upon the step, reached with his right hand for the other handhold and had secured a light hold, when, without warning, the car started; that he was jerked off his feet, felt himself going, thought he was going under the rear trucks of the car; and that that was the last he knew of what happened.

One Mathieson was the conductor in charge of the car at the time of the accident, and there was also on the car a "student conductor" named Roberts. Mathieson testified on behalf of the defendant railroad company, and among other things as follows:

"About 12:15 o'clock he made the regular stop at Twenty-First street. There were no passengers to get on there. The car stopped 5 or 10 seconds,

he saw that everything was clear, and the student conductor gave the bell to go ahead. The car had gone about half its length, when a passenger swung on. 'He kind of slipped like, but, as near as I can remember, he grabbed the front handhold and kind of swung himself on. He kind of slipped back, and his side kind of struck up against the car, and he complained of hurting his wrist when he got on the car, and he said that we had started the car too quick. That is all I remember that was said.' "

The witness further testified that he was standing at the time just back of the center rail at the entrance to the car, and that when he first saw the plaintiff the latter was running alongside the car; that the car had gone, he should judge, about half its length, and was moving at the rate of 2½ to 3 miles an hour. It will be observed that between the above testimony of the plaintiff and that of the defendant's witness Mathieson there is a decided conflict in respect to how the accident happened.

Other inconsistencies in the testimony of the respective parties need not be referred to. Manifestly, if the plaintiff's version of the accident was true, the defendant company might have been held liable for the plaintiff's injury, and the verdict of the jury might have been in his favor; whereas, if it was true, as testified by Mathieson, that the plaintiff got on the car after it had started and was in motion, the verdict might well have been, as it was, in favor of the defendant company.

The credibility of the respective witnesses was, as a matter of course, for the jury, and, as bearing upon the credibility of the defendant's witness Mathieson, the plaintiff sought to recall him for further cross-examination, and to show by him that he had signed with the defendant company an agreement, similar to the defendant's Exhibit G, signed by the "student conductor," Roberts, which agreement is as follows:

"This agreement, made this 24th day of March, 1911, between Tacoma Railway & Power Company, a New Jersey corporation, hereinafter caller 'employer,' party of the first part, and J. W. Roberts, of Tacoma, Washington, hereinafter called 'employé,' party of the second part, witnesseth: That in consideration of the employer furnishing employment to the employé as a conductor—motorman—upon its street railway lines, the employé agrees as follows, to wit:

"I. That he will perform said service as conductor—motorman—faithfully and to the best of his ability, exercising his best care and judgment to avoid accidents.

"II. That he will reimburse the employer for all damages or injuries to, or caused by, the street car he is operating, wherein said damage or injury is due to the negligence of the employé, and in the event that said damage or injury arises from the concurring negligence of one or more other employés, then this employé agrees to reimburse the employer his proportionate share of the same.

"III. The employer, by its superintendent, shall be the sole judge of the extent of the damage or injury done, and shall also whose fault or negligence produced the same, and what the employé's proportionate share shall be in cases of the concurring negligence of several employés.

"IV. In the event that the negligence of the employé is found by the employer to have resulted in damage or injury, as aforesaid, then such damage or injury shall be paid to the employer in sums not exceeding ——— per cent. of the wages of the employé during each and every succeeding calendar month, said per cent. being deducted from the employé's wages as they accrue. In case the employé leaves the service of the employer before the amount of the aforesaid damage or injury shall have been fully paid to the employer, then the employer shall retain from the wages or other

moneys due the employé a sufficient sum to cover the balance due on said. damage or. injury.

"In witness whereof, the employer has caused this agreement to be executed by its officer thereunto duly authorized, and said employer has affixed his signature, the day and year first above written.

"Tacoma Railway & Power Company,
"By J. W. Roberts.

"Witnesses:  George Hendry."

The action of the court in refusing to allow the plaintiff in the case to show that the witness Mathieson had a direct interest in the result of the trial was duly assigned for error, and constitutes such error as requires the reversal of the judgment; for, there being a direct conflict between the testimony of the plaintiff and that of Mathieson upon the vital point in the case, the plaintiff was certainly entitled to show that Mathieson, as well as himself, had a pecuniary interest in the result, to the end that the jury might correctly weigh the testimony of each.

The judgment is reversed, and the cause remanded for a new trial.